Filed 11/12/20  Tatum v. Cusson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| CHANNING TATUM, | B300543 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19STRO04423) |
| v. | |
| CHANTAL CUSSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Helen Zukin, Judge.  Affirmed.

Chantal Cusson, in pro. per., for Defendant and Appellant.

Tarlow & Berk, Blair Berk, for Plaintiff and Respondent.

———————————————

Appellant Chantal Cusson, representing herself, appeals a civil harassment restraining order that prevents her from contacting or coming within 100 yards of Respondent Channing Tatum and his immediate family. Cusson seeks modification of the restraining order on the ground that the terms have prevented her from pursuing employment opportunities. We conclude that Cusson has not identified any error by the trial court, and we find no abuse of discretion by the trial court in issuing the restraining order or in crafting its terms. We further note that this appeal is not the proper procedure for the remedy of modification that Cusson seeks. Therefore, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

The facts underlying the restraining order are largely uncontested. Tatum lives in a private, gated community in Los Angeles. Cusson appeared uninvited at Tatum's home on three occasions between November 2018 and June 2019. On November 9, 2018, Cusson came to the home, rang the doorbell, and refused to leave the premises over the course of five hours. Cusson departed only after Tatum's personal assistant called the police. Cusson returned late at night two days later to hand-deliver a letter containing unsubstantiated claims of a personal relationship between herself and Tatum. On June 24, 2019, Tatum's assistant received information that Cusson was seen inside the home, which was undergoing renovations at the time; the assistant

arrived to find Cusson had broken into the home and had been living there secretly for 10 days.  The assistant called 911 and police arrived to arrest Cusson for trespassing.

Tatum requested, and the court below granted, a temporary restraining order against Cusson on July 2, 2019.  On July 23, 2019, the court held an evidentiary hearing at which Cusson did not appear; after finding service on Cusson to be valid, the trial court received evidence and argument and issued a five-year civil harassment restraining order.  The order prohibits Cusson from harassing, contacting, or coming within 100 yards of Respondent's person, home, and workplace, and extends those protections to members of Respondent's immediate family.  The trial court's written Civil Harassment Restraining Order After Hearing is issued on a standard, mandatory Judicial Council of California form (Form CH-130) for cases brought under Code of Civil Procedure section 527.6.  The order contains only personal conduct orders and stay away orders that are set forth on the pre-printed form, and no additional restrictions or customized orders.  The restraining order expires on July 23, 2024.

Cusson filed a notice of appeal from the July 23, 2019 order on September 6, 2020.

## DISCUSSION

### No Error Raised

A civil harassment restraining order can issue when a person suffers harassment in the form of a "knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (Code Civ. Proc., § 527.6, subd. (b)(3).) We review the trial court's issuance of a civil harassment restraining order for abuse of discretion. (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226.) We review the factual findings necessary to support the restraining order for substantial evidence and "'resolve all conflicts in the evidence in favor of respondent, the prevailing party, and indulge all legitimate and reasonable inferences in favor of upholding the trial court's findings.' . . . [Citation.]" (*Ibid.*) The presumption that the order of a lower court is presumed correct on appeal is of "special significance when, as in the present case, the appeal is based on the clerk's transcript. . . . '[We] must conclusively presume that the evidence is ample to sustain the findings.' . . . [Citations.]" (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)

Here, there is nothing to suggest the trial court abused its discretion in issuing the civil harassment order on the basis of Cusson's pattern of unwanted contact and trespass. Orders like the one at issue are routinely affirmed. (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484 [affirming

4

restraining order where respondent yelled at and made threatening hand gestures towards appellant]; *Brekke v. Wills* (2005) 125 Cal.App.4th 1400 [affirming restraining order where respondent sent three profane and violent letters to appellant].)

Indeed, Cusson does not identify any error made by the trial court in issuing the restraining order.[1] The legal basis of her appeal is unclear, as Cusson makes no citations to the record and no cogent citations to authority. "[R]eview is limited to issues which have been adequately raised and briefed." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.) She has failed to meet her burden to show the trial court committed reversible error. "Appealed judgments and orders are presumed correct, and error must be affirmatively shown." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) It is the duty of the appealing party to demonstrate prejudicial error on appeal. (Cal. Const., art. VI, § 13.) "[W]hile . . . appellant is entitled to be heard upon every error which [she] deems it [her] duty to raise as ground for reversal, the appellate court

---

[1] A party appearing in propria persona "is entitled to the same, but not greater, consideration than other litigants." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638.) "Accordingly, we may disregard factual contentions that are not supported by citations to the record . . . . We may disregard legal arguments that are not supported by citations to legal authority . . . or are conclusory." (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520, citations and fn. omitted.)

cannot be expected to search the record or prosecute an independent inquiry for errors . . . . It will notice only those errors pointed out in the brief, and all others may be deemed waived or abandoned." (*Kelley v. Bailey* (1961) 189 Cal.App.2d 728, 731.)

Although we could stretch Cusson's words to assume she intended to argue that the restraining order is a reversible "miscarriage of justice" because it is "vastly overbroad," she makes no citation to evidence in the record demonstrating the overbreadth, no argument that any particular restriction included in the form restraining order is overbroad in general or as applied to her, and no citation to legal authority to support that the trial court did anything that could constitute reversible error. (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287 [this court "disregard[s] conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [she] wants us to adopt"].)

## Remedy of Modification

On appeal, Cusson requests this case be remanded for modification of the restraining order in some unspecified way, because she contends that, since the time it was entered, the order has adversely impacted her ability to work, resulting in her becoming homeless. We note that Cusson does not offer a plausible connection between the

restraining order and her inability to pursue career opportunities.  We can only infer that Cusson believes her career is disadvantaged because she is no longer able to hold out Respondent as a patron of her work, or that she cannot perform as an artist and entertainer if there is a possibility that Respondent might attend one of her performances.  The record before us does not support these speculative claims.

Moreover, an appeal is not the proper mechanism by which to seek to modify the terms of a restraining order.  Rather, it is within the discretion of the trial court to modify its order in connection with a motion or stipulation of the parties on the basis of (1) a change in the facts, (2) a change in the law, (3) the ends of justice, or (4) other grounds on a case-by-case evaluation consistent with the reasons for granting restraining orders and the statute's purposes.  (*Yost v. Forestiere* (2020) 51 Cal.App.5th 509, 526; Code Civ. Proc., § 527.6, subd. (j)(1).)

## DISPOSITION

The July 23, 2019 order is affirmed.  Respondent Channing Tatum is awarded his costs on appeal.


MOOR, J.

We concur:



RUBIN, P. J.



KIM, J.